**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**ROBERT WILLIAM KIMMONS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:26-CV-37-JHM**

**STEVE WILLIAMS, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Robert William Kimmons filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's complaint.

**I.**

On February 5, 2026[1], Plaintiff, a convicted prisoner, filed this civil-rights action against Fulton County Detention Center ("FCDC") Jailer Steve Williams, FCDC Nurse Angie Isbell, and Nurse Cynthia Whitman in their individual and official capacities for violations of his rights secured under the Eighth Amendment for deliberate indifference to his medical needs. [DN 1]. Plaintiff alleges that he was housed at FCDC from December 20, 2019, to July 27, 2021. Plaintiff represents that his vision started failing while he was at FCDC. Plaintiff states that FCDC and its medical staff took him to an eye doctor who prescribed eye drops to be used three times a day for the rest of his life. Plaintiff contends that, contrary to the instructions from the eye doctor, FCDC medical staff discontinued the eye drops resulting in Plaintiff going blind. FCDC returned Plaintiff to the eye doctor who again wrote a prescription for daily eye drops. Plaintiff represents that his vision did not improve. As relief, Plaintiff seeks damages.

[1] Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court, which the court assumes occurs on the date the prisoner signed the pleading, absent contrary evidence. *See, e.g.*, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III.

Because 42 U.S.C. § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations

found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under the standard accrual rule, the limitations period starts when "the plaintiff has a complete and present cause of action." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021). By contrast, courts sometimes apply the "discovery" rule, under which the limitations period starts when the plaintiff "knows of" or "should have known of" the cause of action. *Id*.

Thus, the statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action" (the "discovery" rule). *Id.* (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 12–15 (2019)).[2] In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's excessive-force claims because the claims "would be untimely either way." *Id*.

The Court finds that the same is true of Plaintiff's claims. A review of Plaintiff's complaint reflects that the alleged deliberate indifference to his medical needs occurred on or before July 27, 2021, when Plaintiff was transferred from FCDC. Plaintiff obviously knew the alleged conduct on that date and, therefore, he had a complete cause of action on that date. Plaintiff then had until July 27, 2022, at the latest, to bring this claim against Defendants. Plaintiff did not bring this action until February 2026, over three years after the statute of limitations expired for these claims. Thus, Plaintiff's claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted. *See*, *e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir.

[2] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: September 3, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014